UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE SIMS, JR.,

   Petitioner,         Case No.  2:11-CV-211

v.                HON. GORDON J. QUIST

GREG MCQUIGGIN, Warden,

   Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

   Petitioner, Willie Sims, Jr., filed a petition for habeas corpus asserting seven separate claims for relief.  On May 29, 2014, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition.  Sims timely filed objections to the R & R.  Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo* review of the R & R, Sims's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

*Sims's Objections*

   Sims's first objection is that the R & R does not make clear whether the magistrate judge found that Sims's claims were procedurally defaulted.  Although the magistrate judge determined that Sims had procedurally defaulted the majority of his claims, he considered the claims on the merits as well.  He found that each of the claims failed on the merits, even if it was not procedurally defaulted.  Accordingly, this objection is without merit.

Sims argues that certain of his claims constitute jurisdictional defects, and that the state court erred in refusing to consider those claims in his motion for relief from judgment. In essence, Sims argues that the state court misapplied its own rule. *See* MCR 6.508(D). The Sixth Circuit has explicitly rejected an identical argument, noting that "even if the Michigan courts erroneously determined the meaning of jurisdictional defect, this would be an error of state law not cognizable on habeas review." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Accordingly, this objection is overruled.

Sims next objects to the R & R's conclusion that he could not demonstrate ineffective assistance of appellate counsel, arguing that his appellate counsel should have raised more than one issue on appeal. Appellate counsel "has no obligation to raise every possible claim, and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal quotations omitted). The "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986) (internal quotations omitted). Appellate counsel testified that she considered several other issues, including those that Sims brought to her attention, but that she ultimately rejected those issues because they were without merit. (2/26/09 Hrg. Tr. at 28-29, 30, 33-34, 43, 53-55, 59.) She testified that she determined that Sims had the most realistic chance of prevailing on a claim that would reduce his conviction to second-degree murder, and that Sims agreed to pursue that theory on appeal. (*Id.* at 38-39.) Under the circumstances, appellate counsel was not ineffective.

Sims next argues that certain evidentiary rulings deprived him of a fair trial. Errors with regard to admissibility of evidence are generally not cognizable on habeas review. *Bugh v. Mitchell*,

2

329 F.3d 496, 513 (2003). However, "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Id.* The Court agrees with the magistrate judge that the trial court correctly ruled on the prosecutor's objection to Aaron Lake's testimony. However, even if the trial court erred, such error would not amount to a denial of fundamental fairness. Furthermore, Sims has not demonstrated that the trial court's ruling refusing to admit his statement to police on hearsay grounds violated due process. Although he asserts that the ruling deprived him of a fair trial, he never makes clear how it did so. Accordingly, this objection is overruled.

Sims next argues that the prosecutor committed misconduct by presenting testimony from a witness regarding an intimidating call that the witness received from an individual who claimed that he was calling on behalf of Sims. For a prosecutorial misconduct argument to succeed on habeas review, the conduct at issue must be "so egregious as to render the entire trial fundamentally unfair." *Serra v. Mich. Dep't of Corr.*, 3 F.3d 1348, 1356 (6th Cir. 1993) (internal quotations omitted). Sims argues that the prosecutor knew that the call at issue was from an unknown source and that there was no evidence that Sims was involved with witness tampering. However, he has presented no evidence that the witness's testimony was false, or that the prosecutor knew the testimony was false. Accordingly, Sims has failed to demonstrate that the prosecutor engaged in egregious conduct that rendered his trial unfair.

Sims next argues that the trial judge erred in allowing two witnesses to testify that someone told them that a man in a car pointed at them in a threatening manner. Sims argues that, because the witnesses did not see the finger pointing, their testimony violated Sims's rights under the Confrontation Clause. "To trigger a violation of the Confrontation Clause, an admitted statement must be testimonial in nature and must be hearsay." *United States v. Warman*, 578 F.3d 320, 346

3

(6th Cir. 2009). In this case, the prosecutor raised the finger-pointing incident in the context of questions about whether the witnesses were nervous to testify. As such, the statements were not offered for the truth of the matter asserted, i.e., that the witnesses were threatened, but rather to establish the state of mind of the witnesses. *See United States v. Lacey*, No. 94-1030, 1995 WL 258142, at *7 (6th Cir. May 2, 1995) (holding that testimony about threats was not hearsay because it was not admitted to prove the truth of the matter asserted). Because the statements were offered for non-hearsay purposes, they were not barred by the Confrontation Clause. *See United States v. Adams*, 722 F.3d 788, 829 (6th Cir. 2013) ("The Confrontation Clause does not, however, bar the admission of testimonial statements that are offered for non-hearsay purposes (i.e., not for the truth of the matter asserted)."). Accordingly, this objection fails.

Sims next argues that his trial counsel was ineffective. Sims's arguments that his counsel should have objected to instances of prosecutorial misconduct and admission of testimony regarding threats to witnesses are without merit for the reasons discussed previously. Furthermore, counsel's failure to lay a foundation to call Officer Terrill to impeach a witness is insufficient to demonstrate ineffective assistance. The witness testified at trial that the shooter was about 5'7" or 5'8", and very, very, small. Counsel attempted to impeach him with a statement that the witness had previously provided to police that the shooter was 5'8" or 5'9" and 185 or 190 pounds. However, counsel failed to lay a foundation to provide impeachment testimony. Even if counsel's performance in this regard was deficient, there is not a reasonable probability that it affected the outcome of the trial. *See Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014). Accordingly, Sims has not demonstrated that counsel was ineffective.

Finally, Sims argues that there was insufficient evidence to sustain his conviction. Sufficiency of the evidence challenges raised on habeas are subject to "deference at two levels."

4

*Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). "First, deference should be given the to trier-of-fact's verdict." *Id.* "[S]econd, deference should be given to the [state court's] consideration of the trier of fact's verdict, as dictated by AEDPA." *Id.* Sims's claim cannot survive in light of that stringent standard. In denying Sims's motion under MCR 6.508(D)(3), the court listed many pieces of evidence from which a rational trier of fact could have convicted Sims, including eyewitness testimony and Sims's videotaped confession. Sims has not demonstrated that the state court's decision was an unreasonable application of established law, or that it resulted in a decision based upon an unreasonable determination of the facts.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Sims's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Sims's claims was debatable or wrong. Thus, the Court will deny Sims a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. # 27) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (Dkt. # 28) is **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**


Dated: July 29, 2014                               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE